IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERNADETTE M. PAIK-APAU, | ) | CIVIL NO. 10-00699 SOM-LEK |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING MOTION FOR |
| | ) | TEMPORARY RESTRAINING ORDER; |
| vs. | ) | ORDER DENYING APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYMENT OF |
| DEUTSCHE BANK NATIONAL TRUST | ) | FEES |
| CO., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER
DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

I.      INTRODUCTION.

On November 26, 2010, Bernadette M. Paik-Apau filed a Complaint and an Application to Proceed Without Prepayment of Fees.  On November 29, 2010, Paik-Apau filed an Emergency Motion for Temporary Restraining Order, seeking to enjoin the nonjudicial foreclosure of her property.  Both motions are denied.

II.     MOTION FOR TEMPORARY RESTRAINING ORDER.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See G. v. State of Haw., Dep't of Human Servs., 2009 WL 2877597 (D. Haw. Sept. 4, 2009); Schoenlein v. Halawa Corr. Facility, 2008 WL 2437744 (D. Haw. June 13, 2008).

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 129 S.

Ct. 365, 376 (2008) (citing Munaf v. Geren, 128 S. Ct. 2207, 2219 (2008)).  Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 129 S. Ct. at 374; accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.").

   Paik-Apau's motion for temporary injunctive relief seeks to enjoin a nonjudicial foreclosure of her property that she says may be scheduled for December 2, 2010.  See Emergency Motion for Temporary Restraining Order ¶ 5.  Defendants have represented to the court that the nonjudicial foreclosure of Paik-Apau's property has been postponed until February 3, 2011.  See Letter from Peter T. Stone to this court (Nov. 30, 2010) ("This letter is to confirm that the non-judicial foreclosure sale in regards to the above-referenced property address has been

postponed to February 3, 2011."). Given this representation, Paik-Apau will not suffer irreparable harm in the absence of immediate injunctive relief. Accordingly, Paik-Apau does not meet the standard for granting her motion for temporary restraining order and that motion is denied without prejudice. This means that, should Paik-Apau be under threat of irreparable harm in the absence of preliminary relief in the future, she may file another motion for temporary injunctive relief. Any such motion should address the four-factor <u>Winter</u> test set forth above.

III.     <u>APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES.</u>

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a).

Paik-Apau has submitted an Application to Proceed Without Prepayment of Fees, but that application does not establish that she is unable to pay the court's fees or give security therefore. Paik-Apau indicates that she receives social security benefits of $1,087 per month and that she earns approximately $800 per month through employment. Paik-Apau therefore makes more than $21,000 per year, which significantly exceeds the poverty guidelines for a family of one in Hawaii.

See 75 FR 45628-02 (indicating that, for a family of one in Hawaii, the federal poverty guideline is $12,460).  The court understands that, given Paik-Apau's expenses, she may have difficulty paying the court's fees.  However, the declaration she submitted does not establish that she is unable to pay the court's fees or give security therefore.  Her application to proceed without prepayment of fees is denied without prejudice.  This means that Paik-Apau may submit another application to proceed without prepayment of fees if her circumstances change or if she has not completely explained her situation.

IV.     CONCLUSION.

Because Paik-Apau is not in danger of suffering irreparable harm in the absence of immediate injunctive relief, her motion for temporary injunctive relief is denied without prejudice.  The court also denies her application to proceed without prepayment of fees, as she has failed to establish that she is unable to pay the fees or give security therefore.  No later than January 5, 2011, Paik-Apau must pay the appropriate filing fee or submit another application to proceed without prepayment of fees.  Failure to pay the appropriate filing fee or

Case 1:10-cv-00699-SOM-RLP   Document 9   Filed 11/30/10   Page 5 of 5   PageID #: 74

file a completed application to proceed without prepayment of fees by that date will result in the automatic dismissal of this case.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, November 30, 2010.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Paik-Apau v., Deutsche Bank National Trust Co., et al.; Civil No. 10-00699 SOM/LEK; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

5