IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERNADETTE M. PAIK-APAU, ) | CIVIL NO. 10-00699 SOM-LEK |
| ) | |
| Plaintiffs, ) | ORDER DISMISSING COMPLAINT |
| ) | WITH LEAVE TO AMEND |
| vs. ) | |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| CO., trustee of the ) | |
| Ameriquest Mortgage ) | |
| Securities Trust 2005-R11; ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEM, INC.; ) | |
| AMERICAN HOME MORTGAGE ) | |
| SERVICING, INC.; ROUTH ) | |
| CRABTREE OLSEN, dba RCO ) | |
| Hawaii, LLLC; and AMERIQUEST ) | |
| MORTGAGE SECURITIES, INC. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

I.       INTRODUCTION.

       This matter involves a homeowner's attempt to stop a nonjudicial foreclosure. On November 26, 2010, Bernadette M. Paik-Apau filed the 29-page Complaint in this matter. Although the Complaint contains 55 paragraphs of "facts," it contains only three "counts": 1) injunctive relief; 2) declaratory relief; and 3) extension of an unidentified statute of limitation due to alleged fraud. On March 10, 2011, Ameriquest Mortgage Company and Ameriquest Mortgage Securities, Inc., filed a motion to dismiss. Because none of the "counts" asserts a viable claim for

relief, the motion is granted and the Complaint is dismissed in its entirety.

II.     <u>MOTION TO DISMISS STANDARD.</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure states: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), review is generally limited to the contents of the complaint. <u>Sprewell v. Golden State Warriors,</u> 266 F.3d 979, 988 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See <u>Keams v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion

to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).  A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitations.  Imbler v. Pachtman, 424 U.S. 409 (1976).

3

III.  FACTUAL BACKGROUND.

The Complaint alleges that, in November 2005, Paik-Apau executed mortgage documents for a loan from Ameriquest. See Complaint ¶¶ 113-14, Nov. 26, 2010, ECF No. 1. The Complaint alleges that Paik-Apau "does not recall" 1) the notary asking to see her identification, 2) the notary signature matching the notary stamp, 3) receiving disclosures three days before her loan consummation, 4) receiving Truth in Lending Act disclosures, 5) receiving two copies of the notice of right to rescind; 6) receiving credit report disclosures; 7) receiving privacy disclosures, 8) receiving a statement about how her personal information would be used; and 9) receiving a notice informing her that her loan would be transferred by the lender to another entity. Id. ¶ 15. The Complaint alleges that the lender failed to follow proper underwriting standards. Id. ¶ 16.

The Complaint alleges that Paik-Apau's loan was sold to American Home Mortgage Servicing, Inc., and was thereafter included in a "mortgage pool." Id. ¶ 17. The Complaint alleges that Deutsche Bank purports to be the trustee of this "mortgage pool," but that there is no record of this transaction. Id. ¶¶ 20, 24.

Beginning in April 2009, Paik-Apau alleges that she attempted to get a loan modification with her lender without response from the lender. Id. ¶¶ 28-32. In December 2009,

Paik-Apau says she received a letter from the law firm of Routh Crabtree Olsen, informing her that foreclosure proceedings were being initiated. Id. ¶ 33. Paik-Apau alleges that, in November 2010, she received a letter that told her that her loan modification request had been denied. Id. ¶ 42.

IV. ANALYSIS.

The Ameriquest Defendants seek dismissal of the Complaint because it fails to assert valid claims for relief. Because this court agrees that the Complaint fails to assert claims upon which relief can be granted, the court dismisses the Complaint with respect to all Defendants. Paik-Apau is given leave to file an Amended Complaint no later than May 16, 2011. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (cautioning courts to allow amendment of a dismissed complaint if it appears possible that the plaintiff can correct the defect in the complaint).

Although Paik-Apau's Complaint contains numerous facts upon which various claims could possibly be based, it merely seeks remedies without identifying the legal bases for the remedies. Count I, for example, seeks injunctive relief "pursuant to applicable law," but does not identify what law is at issue. See Complaint ¶ 57. A claim for injunctive relief, by itself, is not a cause of action. See Phillips v. Bank of Am., 2011 WL 240813, *4 (D. Haw. Jan. 21, 2011) ("Initially, the court

5

follows the well-settled rule that a claim for 'injunctive relief' standing alone is not a cause of action."). Instead, injunctive relief may be an available remedy for an independent cause of action. Id. Accordingly, Count I fails to state a viable claim upon which relief can be granted.

Count II similarly fails. Count II seeks declaratory relief "pursuant to applicable law." See Complaint ¶ 67. Paik-Apau seeks a declaration that Deutsche Bank and Northwest Trust Services have no legal right to foreclose on her property. It appears that Paik-Apau wants Deutsche Bank to prove to this court that it owns her loan before continuing to proceed with the nonjudicial foreclosure process, but the grounds for the declaration Paik-Apau seeks are not clear. Paik-Apau could be seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or possibly under some other law. Because Paik-Apau only seeks declaratory relief "pursuant to applicable law," as opposed to explaining the factual and legal bases of the claim, Count II is not sufficiently detailed to give fair notice to Defendants of the nature of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that the requirement set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure that complaints have a short and plain statement of the claim showing that the pleader is entitled to relief is intended to give a defendant fair notice of what the claim is and

the grounds on which it rests); Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011) ("allegations in a complaint or counterclaim must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it").

Count III also fails to allege a viable claim. Count III asserts that, because of Defendants' allegedly fraudulent conduct in concealing certain information from Paik-Apau, an unidentified statute of limitation should be extended. However, because the Complaint does not allege a cause of action for which a statute of limitation might apply, no statute of limitation issue currently exists. Also, as with Count I, Count III asserts no independent cause of action.

The Complaint is dismissed for failure to state a viable claim. Paik-Apau is given leave to file an Amended Complaint no later than May 16, 2011. If Paik-Apau fails to timely amend her complaint, the Clerk of Court is directed to automatically terminate this action without further order of this court.

Because Paik-Apau is proceeding pro se, the court provides the following guidance should she choose to file an Amended Complaint. See Lopez, 203 F.3d at 1131. Any Amended Complaint should include "a short and plain statement of the claim showing that [Paik-Apau] is entitled to relief." Fed. R.

Civ. P. 8(a)(2). This means that the Amended Complaint should clearly allege the facts supporting the causes of action asserted in the Complaint. For each cause or action or count she asserts, Paik-Apau should identify the legal and factual bases for the claim so that Defendants will be put on fair notice of the nature of the claim and of the relief she is seeking. See Twombly, 550 U.S. at 555; Starr, 633 F.3d at 1204. Any Amended Complaint must be a complete document itself; that is, it must not incorporate the original Complaint by reference.

All documents filed by Paik-Apau in the future must comply with this court's Local Rules, especially the font-size rules. See Local Rule 10.2(a) (setting forth acceptable font sizes as including 14-point Times New Roman and 12-point Courier or Courier New).

V.      CONCLUSION.

For the foregoing reasons, the court grants the motion to dismiss without a hearing pursuant to Local Rule 7.2(d) and dismisses the Complaint. This means that there will be no hearing on this matter on April 25, 2011. Paik-Apau is given leave to file an Amended Complaint no later than May 16, 2011.

Failure to timely file an Amended Complaint by that date will result in the automatic dismissal of this case without further order of this court.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, April 15, 2011.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Paik-Apau v., Deutsche Bank National Trust Co., et al.; Civil No. 10-00699 SOM/LEK; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND