IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERNADETTE M. PAIK-APAU | ) | CIVIL. NO. 10-00699 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | DEUTSCHE BANK NATIONAL TRUST |
| vs. | ) | COMPANY'S MOTION FOR SUMMARY |
| | ) | JUDGMENT ON COUNTS 7 AND 8 OF |
| DEUTSCHE BANK NATIONAL TRUST | ) | THE FIRST AMENDED COMPLAINT |
| CO., AS TRUSTEE IN TRUST OF | ) | |
| THE BENEFIT OF THE | ) | |
| CERTIFICATE HOLDERS FOR | ) | |
| AMERIQUEST MORTGAGE | ) | |
| SECURITIES TRUST 2005-R11; | ) | |
| AMERIQUEST MORTGAGE COMPANY; | ) | |
| AMERIQUEST MORTGAGE | ) | |
| SECURITIES; AMERICAN HOME | ) | |
| MORTGAGE SERVICING, INC.; | ) | |
| ROUTH CRABTREE AND OLSEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
MOTION FOR SUMMARY JUDGMENT
ON COUNTS 7 AND 8 OF THE FIRST AMENDED COMPLAINT**

## I.        INTRODUCTION.

Plaintiff Bernadette Maria Paik-Apau, proceeding pro
se, filed a First Amended Complaint on May 17, 2011.  Her claims
arise out of attempts to enforce rights under a note and mortgage
she executed.  After Paik-Apau allegedly defaulted on her loan
obligations, the lenders began a nonjudicial foreclosure
proceeding that has since been rescinded.

In an order of January 31, 2012, this court granted
summary judgment in favor of Defendants, with the exception of
the 7th and 8th causes of action to the extent they were asserted

against Defendant Deutsche Bank National Trust Co.  See ECF No. 96.  The 7th cause of action seeks to hold Deutsche Bank liable for a violation of 15 U.S.C. § 1692e, a section of the Fair Debt Collection Practices Act ("FDCPA") that prohibits "debt collectors" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Paik-Apau asserts that Deutsche Bank's receipt of a fraudulent assignment of her note and mortgage violated this section.  The 8th cause of action seeks to require Deutsche Bank to prove that it is the proper holder of the original note and mortgage before it proceeds with any foreclosure proceeding.  It also reasserts the FDCPA claim asserted in the 7th cause of action.

Because Deutsche Bank has established that it validly holds Paik-Apau's note and mortgage, summary judgment is granted in its favor on the 7th and 8th causes of action.

II.      **BACKGROUND FACTS.**

A.   **The Note.**

In connection with the present motion for summary judgment, Deutsche Bank filed a copy of the $415,000 adjustable rate note.  The back of the note was endorsed in blank by Ameriquest Mortgage Company.  See ECF No. 124-4.  Cindi Ellis, the Assistant Vice President of Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.,

submitted a declaration earlier in this case that indicated that Homeward services Paik-Apau's loan and that it has possession of the original $415,000 note which it is holding on Deutsche Bank's behalf.  <u>See</u> Declaration of Cindi Ellis ¶¶ 1, 4, and 5, ECF No. 124-1.  However, counsel for Deutsche Bank brought the original note to the hearing on this motion, indicating that he recently received it and is holding it on Deutsche Bank's behalf.

Paik-Apau disputes the authenticity of the adjustable rate note because, although the signature appears to be hers, she says she cannot tell without seeing the original.  <u>See</u> Plaintiff's Response to Defendant's Statement of Facts ¶ 1, ECF No. 127.  Paik-Apau also accuses Cindi Ellis of committing perjury because Ellis has signed court documents in various capacities for different companies, making her, in Paik-Apau's opinion, a "robosigner."  <u>See</u> Evidentiary Objections, ECF No. 128.  Paik-Apau's objections are ill-founded.  On a motion for summary judgment, Paik-Apau's burden is to demonstrate a genuine issue of material fact.  She does not do so by simply stating that a signature may or may not be hers and that she cannot tell without seeing the original signature.  Moreover, counsel for Deutsche Bank brought the original note to the hearing and Paik-Apau did not claim at the hearing that the signature on that note was not hers.  In any event, Paik-Apau does not dispute having executed a $415,000 note in favor of Ameriquest Mortgage Company.

3

<u>See</u> First Amended Complaint ¶ 9, ECF No. 46.  Nor does she explain how the note submitted to the court differs from the one she remembers signing.

Paik-Apau's reference to Ellis's positions in multiple companies does not raise a genuine issue of fact as to whether Deutsche Bank has possession of the original note.  As this court noted in <u>Tom v. GMAC Mortgage, LLC</u>, 2011 WL 2133705, *7 (D. Haw. May 25, 2011), "People often hold positions in multiple companies."  Paik-Apau's uncorroborated and speculative conclusion that Ellis may be a "robosigner" does not raise a genuine issue of fact as to whether Ellis had the authority she claims to have had when she signed her declaration.  <u>See</u> <u>Abubo v. Bank of New York Mellon</u>, 2011 WL 6011787, *7 (D. Haw. Nov. 30, 2011) (rejecting a similar robosigner argument).  In any event, counsel for Deutsche Bank brought the original note to the hearing.

Nor is the court convinced that a genuine issue of fact must exist just because the endorsement of the note was submitted in connection with this motion, but not in connection with the previous one.  <u>Compare</u> ECF No. 124-4 <u>with</u> ECF No. 58-5.  The evidence submitted to this court, as well as Deutsche Bank's production of the original note at the hearing, establishes that Deutsche Bank is certainly in possession of the note assigned in blank, making it the holder of the note.  Other than Paik-Apau's

4

speculative and conclusory allegations that no one with authority endorsed the note, there is nothing in the record indicating that the note was improperly endorsed.

Contrary to Paik-Apau's assertion, just because the endorsement on the note is undated does not mean that Deutsche Bank fails to establish its standing to enforce the loan documents.

**B.   The Mortgage.**

Paik-Apau executed a mortgage securing the note.  This mortgage was filed in the State of Hawaii Bureau of Conveyances as Document No. 2005-248459.  <u>See</u> ECF No. 124-5.  Paik-Apau questions whether this is truly the mortgage she executed because it refers to her as "married."   <u>See</u> Plaintiff's Response to Defendant's Statement of Facts ¶ 2, ECF No. 127.  Paik-Apau does not raise a genuine issue of material fact as to whether the mortgage recorded in the bureau of conveyances was the one signed by her simply by questioning the document's reference to her as married.  She herself alleged in the First Amended Complaint that she signed the mortgage that was so recorded.  <u>See</u> FAC ¶¶ 9-10. In any event, Paik-Apau does not say how the mortgage she remembers signing materially differed.  For example, Ellis indicates that Paik-Apau is in default under the terms of her loan because she has not made a mortgage payment since 2009.  <u>See</u> Ellis Decl. ¶ 7.  Paik-Apau does not say that the mortgage she

signed does not allow for a foreclosure or nonjudicial foreclosure proceeding in the event of such a default.

Nor does Paik-Apau raise a genuine issue of fact about the mortgage based on the notary who notarized it.  The record indicates that the mortgage was notarized by "N. Olson."  See ECF No. 124-5 at PageID #2237.  In her deposition, Paik-Apau indicates that she discovered that "N. Olson" is Nephi Olson. Paik-Apau says that Nehphi is a man because he is married to Penny.  Paik-Apau says that the notarization must be fraudulent because the mortgage she signed was notarized by a woman.  See Deposition of Bernadette Maria Paik-Apau at 42, Sept. 12, 2011, ECF No. 124-3.  Paik-Apau fails to demonstrate how she has personal knowledge that "N. Olson" is Nephi Olson, a man who is married to Penny.  She does not even address the possibility that Penny is a man, or that two women might be or might consider themselves married.  It simply does not necessarily follow that "N. Olson" must be a man, making the notarization of the document fraudulent because a female notary actually notarized it.

### C.  **Assignments of the loan.**

On or about January 27, 2009, Citi Residential Lending Inc., attorney-in-fact for Ameriquest Mortgage Company, assigned Paik-Apau's note and mortgage to Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc. Asset-Backed Pass-Through Certificates, Series 2005-R11, Under

the Pooling and Servicing Agreement Dated December 1, 2005.  This assignment of mortgage was recorded in the bureau of conveyances on February 27, 2009, as Document No. 2009-029491.  See ECF No. 124-9.  A copy of the pooling and servicing agreement of December 1, 2005, is filed as ECF No. 124-6.

Paik-Apau baldly contends that the note was never transferred to Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc. Asset-Backed Pass-Through Certificates, Series 2005-R11, but submits no evidence supporting that contention.  Nor does she clearly articulate why she thinks the note was never part of the trust.  At most, she says that the terms of the pooling and servicing agreement were not complied with.  But she does not clearly identify what provision was not complied with.  See Opposition at 6-7, ECF No. 126.  She says, for example, that according to the Mortgage Loan Purchase Agreement, ECF No. 127-5, Ameriquest Mortgage Company sold its interest in her note to Ameriquest Mortgage Securities, Inc., before it was transferred to the trust.  That document indicates that the transfers of various loans had to be completed by December 1, 2005.  See id.  But there is nothing in that document indicating that Paik-Apau's loan was included in that sale.

On or about December 15, 2009, Deutsche Bank National Trust Company, Trustee for Ameriquest Mortgage Securities Inc. Asset-Backed Pass-Through Certificates, Series 2005-R11, Under

7

the Pooling and Servicing Agreement Dated December 1, 2005, assigned Paik-Apau's mortgage to Deutsche Bank National Trust Company, Trustee for the benefit of the Certificateholders for Ameriquest Mortgage Securities Trust 2005-R11, Asset-Backed Pass-Through Certificates, Series 2005-R11.  This assignment was recorded in the bureau of conveyances on January 7, 2010, as Document No. 2010-002571.  See ECF No. 124-10.

### D.   Nonjudicial Foreclosure Proceedings.

The same day that Deutsche Bank National Trust Company, Trustee for the benefit of the Certificateholders for Ameriquest Mortgage Securities Trust 2005-R11, Asset-Backed Pass-Through Certificates, Series 2005-R11, was assigned Paik-Apau's mortgage, it issued a Notice of Mortgagee's Intention to Foreclose Under Power of Sale.  This document was recorded in the bureau of conveyances on January 7, 2010, as Document No. 2010-002572.  See ECF No. 124-11.

Deutsche Bank National Trust Company, Trustee for the benefit of the Certificateholders for Ameriquest Mortgage Securities Trust 2005-R11, Asset-Backed Pass-Through Certificates, Series 2005-R11, recorded a Notice of Rescission of Mortgagee's Intention to Foreclose Under Power of Sale in the bureau of conveyances on June 29, 2011, as Document No. 2011-102096.  See ECF No. 124-11.

III.        **STANDARD OF REVIEW.**

    The standard for a summary judgment motion was set forth in this court's earlier order.  See ECF No. 96.  That standard is incorporated herein by reference.

IV.        **ANALYSIS.**

    Paik-Apau's two remaining claims are premised on her contention that Deutsche Bank National Trust Company, Trustee for the benefit of the Certificateholders for Ameriquest Mortgage Securities Trust 2005-R11, Asset-Backed Pass-Through Certificates, Series 2005-R11, is not the proper holder of her note and mortgage.  The 8th cause of action seeks to require Deutsche Bank to prove that it is the proper holder of the original note and mortgage before it may proceed with any foreclosure proceeding.  Both the 7th and 8th causes of action assert that, because Deutsche Bank was not properly assigned her note and mortgage, it is violating the FDCPA because it is not attempting to collect its own debt and therefore qualifies as a "debt collector" that is falsely claiming to assert rights under the loan documents.  Deutsche Bank moves for summary judgment on these remaining claims.[1]

---

    [1]To the extent Paik-Apau may be arguing that Deutsche Bank needs to establish standing to seek summary judgment on claims asserted against it, this court has already rejected that argument.  See Williams v. Rickard, 2011 WL 2116995, *5 (D. Haw. May 25, 2011) ("The banks need not establish that they are the legal owners of Williams's loans before they defend against Williams's claims.  'Standing' is a plaintiff's requirement, and

Based on grand assertions of fraud, falsified foreclosure documents, tampered land records, forgery, and financial institutions that are "too big to fail," Paik-Apau challenges the assignments of her note and mortgages.  This court has held on numerous occasions, however, that borrowers generally lack standing to challenge the assignments of their loans.  <u>See Benoist v. U.S. Bank Nat's Ass'n</u>, 2012 WL 3202180, *5 (D. Haw. Aug. 3, 2012) (discussing numerous cases in which courts concluded that borrowers lack standing to challenge assignments of their loan documents, and concluding that the plaintiffs could not therefore set aside the assignment of a mortgage even when the terms of a pooling and service agreement were not followed); <u>Au v. Republic State Mortg. Co.</u>, 2012 WL 3113147, *4 n.6 (D. Haw. July 31, 2012) (noting that borrowers who are not parties to or beneficiaries of a pooling and service agreement lack standing to challenge alleged violations of such agreements); <u>Bank of New York Mellon v. Sakala</u>, 2012 WL 1424655, *5 (D. Haw. Apr. 24, 2012) (same); <u>Abubo v. Bank of New York Mellon</u>, 2011 WL 6011787, *8 (D. Haw. Nov. 30, 2011) (same); <u>Velasco v. Security Nat'l Mortg. Co.</u>, 823 F. Supp. 2d 1061, 1067 (D. Haw. 2011) (ruling that a borrower could not dispute validity of an assignment of loan documents through a "slander of title" claim because the

---

Williams misconstrues the concept in arguing that Defendants must establish 'standing' to defend themselves.").

borrower was not a party to or intended beneficiary of the assignment).

The reason that debtors generally lack standing to challenge the assignments of their loan documents is because they have no interest in those assignments, and the arguments they usually make do not go to whether the assignments are void ab initio, but instead to whether the various assignments are voidable.  Debtors lack standing to challenge voidable assignments; only the parties to the assignments may raise such challenges.  See 29 Williston on Contracts § 74:50 (4th ed.), available at Westlaw Willstn-CN § 74:50 (updated May 2012) (noting that a debtor may not assert that an assignment is voidable because it cannot be assumed that the assignor desires the voiding of the assignment).

"A contract that is void never attains legal effect as a contract and cannot be enforced, whereas a contract that is voidable is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract."  17A Corpus Juris Secundum § 169, available at Westlaw CJS Contracts § 169 (updated Sept. 2012).  A contract is void when one of its essential elements is missing or when it is made in violation of law.  A party cannot consent to an agreement that violates the law.  See id. Accordingly, Hawaii courts have held that a foreclosure sale

11

agreement that arose out of a foreclosure sale that was contrary to statute is void and unenforceable. See Lee v. HSBC Bank USA, 121 Haw. 287, 292, 218 P.3d 775, 780 (2009). Hawaii courts have similarly held that a contract that involves an "unfair or deceptive practice" in violation of chapter 480 of Hawaii Revised Statutes is void and unenforceable. See 808 Dev. LLC v. Murakami, 111 Haw. 349, 357, 141 P.3d 996, 1004 (2006). A judge of this court has held that a company in bankruptcy liquidation could not validly assign its interest in a note and mortgage to another company that would thereafter seek to foreclose on property as a result of the assignment. See Deutsche Bank Nat'l Trust Company, as Trustee Morgan Stanley ABS Capital I Inc. Trust 2007-NC-1 Mortgage Pass-Through Certs., Series 2007-NC1 v. Williams, 2012 WL 1081174, *3 (D. Haw. Mar. 29, 2012) (Seabright, J.).

On the other hand, only the parties can seek avoidance of a voidable contract. "Only the parties to a contract may assert its nullity by virtue of a defect in consent." 17A Corpus Juris Secundum § 169, available at Westlaw CJS Contracts § 169. Accordingly, a contract entered into by a minor or an insane person is generally voidable under Hawaii law and the minor, upon reaching the age of majority, or the insane person, upon becoming sane, may choose to ratify or avoid the contractual obligations. See Zen v. Koon Chan, 27 Haw. 369, 371 (1923). Similarly,

contracts induced by fraud or material misrepresentations are voidable.  See Exotics Haw.-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Haw. 277, 288, 172 P.3d 1021, 1032 (2007).  Other courts have determined that a lack of authority to enter into a contract makes the contract voidable, not void.  See Emerson Elec. Co. v. Le Carbone Lorraine, S.A., 2009 WL 313754, *1 n1 (D.N.J. Feb. 4, 2009); Perri v. United States, 53 Fed. Cl. 381, 401 (2002).

Paik-Apau's challenges to the assignments of her loan go to whether those assignments are voidable, as she argues that persons or entities lacked authority to assign the loan documents.  She lacks standing to make those challenges.

Even if Paik-Apau could properly challenge the various assignments of her loan, she raises no material issue of fact concerning Deutsche Bank's ability to enforce the note and mortgage.  Deutsche Bank brought Paik-Apau's original note to the hearing.  Deutsche Bank is therefore the "holder" of Paik-Apau's note, because Hawaii law defines "holder" as the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  See Haw. Rev. Stat. § 490:1-201(b).  As the "holder" of a note endorsed in blank, Deutsche Bank is entitled to enforce it.  See Haw. Rev. Stat. § 490: 3-301.

Paik-Apau is not claiming that she does not owe the obligation evidenced by the note, only that she does not believe that Deutsche Bank is the proper holder of the note such that it can seek to enforce the mortgage securing the note. Paik-Apau's mere belief raises no genuine issue of fact; she presents only uncorroborated and speculative conclusions concerning the assignments of the loan documents.

Nor does she raise a genuine issue of fact as to whether Deutsche Bank is authorized by its trust documents to bring this action. <u>See</u> Opposition at 12. In fact, she presents no evidence at all supporting that contention.

The court is also unconvinced by Paik-Apau's argument that, if Deutsche Bank was paid by its loan servicer, it lacks standing to maintain this action. First, Paik-Apau submits no admissible evidence that Deutsche Bank has actually received all money owed it under the terms of the loan documents. Second, Paik-Apau is not contesting that she has failed to make the payments required by her note and mortgage, allowing the holder of those documents to use the collection procedures set forth in them.

Because there is no genuine issue of fact as to whether Deutsche Bank is a holder of Paik-Apau's note, it is entitled to summary judgment on the part of the 8th cause of action that

seeks a determination that Deutsche Bank lacks standing to foreclose on her loan notwithstanding her alleged default.

Given that Deutsche Bank is the holder of the note and mortgage, it is attempting to collect its own debt such that it is not a "debt collector" for purposes of the FDCPA, which defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

See 15 U.S.C.A. § 1692a(6).

A "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated with such person." 15 U.S.C. § 1692a(6)(F)(ii); see also De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1074 (9th Cir. 2011) (noting that the FDCPA excludes from the definition of "debt collector" any "person who originated the debt, such as a creditor to whom the debt was originally owed"); Rowe v. Educ. Credit Mgm't Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) (stating that "a 'creditor' is not a 'debt collector' under the FDCPA"); Jonak v. John Hancock Mut. Life Ins. Co., 629 F. Supp. 90, 94 (D. Neb. 1985) (noting that the definition of "debt collector" "excludes both creditors

15

seeking to collect their own debts and the officers and employees of creditors collecting debts for the creditors").  Because Deutsche Bank is not a "debt collector," it is entitled to summary judgment on the FDCPA claims asserted in the 7th and 8th causes of action.

**V.          CONCLUSION.**

          Deutsche Bank is granted summary judgment on the remaining claims in this action--the 7th and 8th causes of action asserted in the First Amended Complaint.  The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

          IT IS SO ORDERED.

          DATED: Honolulu, Hawaii, October 19, 2012.



          /s/ Susan Oki Mollway
          Susan Oki Mollway
          Chief United States District Judge

Paik-Apau v. Deutsche Bank National Trust Co., et al.; Civ. No. 10-699 SOM/RLP; ORDER GRANTING DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT ON COUNTS 7 AND 8 OF THE FIRST AMENDED COMPLAINT