IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERNADETTE M. PAIK-APAU | ) | CIVIL. NO. 10-00699 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| CO., AS TRUSTEE IN TRUST OF | ) | |
| THE BENEFIT OF THE | ) | |
| CERTIFICATE HOLDERS FOR | ) | |
| AMERIQUEST MORTGAGE | ) | |
| SECURITIES TRUST 2005-R11; | ) | |
| AMERIQUEST MORTGAGE COMPANY; | ) | |
| AMERIQUEST MORTGAGE | ) | |
| SECURITIES; AMERICAN HOME | ) | |
| MORTGAGE SERVICING, INC.; | ) | |
| ROUTH CRABTREE AND OLSEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

I.        **INTRODUCTION.**

On October 19, 2012, this court granted summary judgment in favor of Defendant Deutsche Bank National Trust Co. with respect to the 7th and 8th causes of action asserted in the First Amended Complaint.  The 7th cause of action had sought to hold Deutsche Bank liable for a violation of 15 U.S.C. § 1692e, a section of the Fair Debt Collection Practices Act ("FDCPA") that prohibits "debt collectors" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Although Deutsche Bank was claiming to be collecting a debt it owned, Plaintiff Bernadette M. Paik-Apau

argued that, because her note and mortgage had not been properly transferred to Deutsche Bank, Deutsche Bank could not be collecting a debt it owned and must instead be acting as a "debt collector" for someone else's loan and be subject to the FDCPA. The 8th cause of action sought to require Deutsche Bank to prove that it is the proper holder of the original note and mortgage before it proceeded with any foreclosure proceeding.  It also reasserted the FDCPA claim asserted in the 7th cause of action.

Paik-Apau says that she "does not dispute that she stopped payments in 2009."  See ECF No. 127 ¶ 8.  It appears that Paik-Apau is withholding mortgage payments on the ground that Deutsche Bank, as trustee of a trust, did not validly receive title to her loan.  Paik-Apau submits no evidence that any other lender in the chain of title for her loan is claiming to be the true owner of her loan or is disputing that Deutsche Bank is the owner of her loan.  Given Deutsche Bank's production of the original note at the hearing on the summary judgment motion, Paik-Apau raised no triable issue as to whether Deutsche Bank is entitled to enforce it.  Paik-Apau shows no reason for this court to reconsider the grant of summary judgment in favor of Deutsche Bank.

## II.      RULE 59(e) STANDARD.

Paik-Apau seeks reconsideration of the court's order of October 19, 2012, pursuant to Rule 59(e) of the Federal Rules of

Civil Procedure.  In the Ninth Circuit, a successful motion for reconsideration under Rule 59(e) must accomplish two goals. First, it must demonstrate some reason that the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  Courts have established three grounds justifying reconsideration under Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Galiher, 60 F. Supp. 2d at 1059.  A party's mere disagreement with the court does not justify reconsideration.  See Hele Ku KB, LLC v. BAC Home Loans Serv., LP, 2012 WL 1987165, *19 (D. Haw. May 31, 2012); Dep't of Educ. v. M.F., 2012 WL 639141, *1 (D. Haw. Feb. 28, 2012); White, 424 F. Supp. 2d at 1274.

III.     **ANALYSIS.**

Paik-Apau says that she "believes that she had raised several genuine issues of material facts that should have precluded Summary Judgment."  ECF No. 137 at 2.  She argues that

3

the court's order did not address or only partially addressed several arguments she advanced.  Id.  None of her arguments is persuasive.

For example, Paik-Apau argues that the court's order did not address her contention that the note and mortgage did not properly become a part of the trust for which Deutsche Bank is the trustee and that the note and mortgage were not legally transferred because the assignment violated a pooling and servicing agreement.  This court held, however, that Paik-Apau's status as a debtor, by itself, did not give her standing to challenge the assignments.  See ECF No. 132 at 10-14. Accordingly, even if the pooling and serving agreement was not followed, Paik-Apau lacks standing to challenge the assignment of her loan on that basis.  Id.  Paik-Apau is therefore incorrect in arguing that this court did not address her pooling and servicing agreement.  To the contrary, that court expressly cited caselaw indicating that she lacks such standing:

> Au v. Republic State Mortg. Co., 2012 WL
> 3113147, *4 n.6 (D. Haw. July 31, 2012)
> (noting that borrowers who are not parties to
> or beneficiaries of a pooling and service
> agreement lack standing to challenge alleged
> violations of such agreements); Bank of New
> York Mellon v. Sakala, 2012 WL 1424655, *5
> (D. Haw. Apr. 24, 2012) (same); Abubo v. Bank
> of New York Mellon, 2011 WL 6011787, *8 (D.
> Haw. Nov. 30, 2011) (same).

ECF No. 132 at 10.

To the extent Paik-Apau argued that the note did not become part of the trust, the court ruled that she had submitted no evidence supporting that contention or articulated any reason for believing that the note was never part of the trust.  The court noted that, at most, Paik-Apau was claiming that the terms of the pooling and servicing agreement had been violated, although she failed to identify specific provisions that were violated.  See ECF No. 132 at 7.  On this motion for reconsideration, Paik-Apau argues that Deutsche Bank should be required to prove to the court that the note had properly become trust property by complying with the terms of the pooling and servicing agreement.  This argument is just another way of challenging the validity of the assignments of her loan, a challenge she lacks standing to make.

The court recognizes that Paik-Apau previously argued that, under New York trust law, failure to comply with the terms of the pooling and servicing agreement made the assignment void, as opposed to voidable.  However, because Paik-Apau failed to clearly articulate how the pooling and servicing agreement was violated, why New York trust law applied, or how that law automatically rendered the agreement void, the court was unconvinced by that argument.  In her motion for reconsideration, Paik-Apau newly argues that the assignment did not comply with the pooling and servicing agreement because the note was endorsed

in blank.  She says that section 2.01(i) of the pooling and servicing agreement, ECF No. 124-6, required a showing of a complete chain of endorsements from the originator to the trust. The endorsement in blank, Paik-Apau argues, violated section 2.01(i) of the pooling and servicing agreement, rendering the assignment void under section 7-2.4 of New York trust law.

This court need not reach the issue of whether any violation contravened section 7-2.4 of New York trust law, as Paik-Apau does not establish the existence of a violation of section 2.01(i) of the pooling and servicing agreement.  That section required the delivery of the "original Mortgage Note, endorsed in blank, without recourse or in the following form: 'Pay to the order of Deutsche Bank National Trust Company, as Trustee under the applicable agreement, without recourse,' with all prior and intervening endorsements showing a complete chain of endorsement from the originator to the Person so endorsing to the trustee."  In this case, the note was endorsed in blank, without recourse, by American Mortgage Company, the original lender.  See ECF No. 124-4 (copy of the $415,000 adjustable rate note given by Paik-Apau to the lender, Ameriquest Mortgage Company); ECF No. 124-5 (mortgage securing the loan by Ameriquest Mortgage Company to Paik-Apau).  The note was then purportedly placed into the trust for which Deutsche Bank is the trustee. Accordingly, the requirements of section 2.01(i) of the

applicable pooling and servicing agreement appear to have been satisfied.

Paik-Apau next raises the new argument that the assignment of her loan to Deutsche Bank in 2009 violated the terms of the pooling and servicing agreement, which she says required that the loan be placed into the trust by December 2005. Because the assignment appears to have occurred after that date, Paik-Apau says that it must be void under New York trust law section 7-2.4. Paik-Apau, however, fails to establish in her reconsideration motion that the assignment of the loan to the trust had to be completed no later than December 2005. Nor did she establish this in her original opposition to Deutsche Bank's motion for summary judgment. Under Local Rule 56.1(f), in resolving the motion for summary judgment, this court had "no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties" and "will review only those portions of the exhibits specifically identified in the concise statements." Paik-Apau's amorphous argument about having to transfer her loan by December 2005 does not justify reconsideration.

Paik-Apau says that Deutsche Bank may not enforce the loan documents because it took them as trustee for the benefit of certificate holders, not a real person, rendering the assignment

"without merit."  She cites no controlling authority for the proposition that a trust must have a real person as its beneficiary.  Section 43 of the Restatement (Third) of Trusts recognizes that a trust beneficiary may be any person, corporation, unincorporated association, or trust with the capacity to take and hold legal title to the trust property.

Moreover, given Paik-Apau's representation that American Mortgage Company no longer exists, if the assignment to Deutsche Bank were void, there would be no entity that could enforce the loan documents.  Paik-Apau appears to want to make the loan indisputably made to her impossible for anyone to collect, even though she simultaneously seeks damages from the current note holder for alleged FDCPA violations.  Deutsche Bank has produced Paik-Apau's original note and asked her to make payments under it.  Paik-Apau may not refuse to do so because some transfer to Deutsche Bank is voidable by one of the parties to the transfer.

As noted in the court's order of October 19, 2012, Paik-Apau's challenges to the authenticity of the signatures on the assignments and to the authority of the notary, and of individuals who signed documents on behalf of companies, go to whether the assignments are voidable, not void.  There is simply no requirement that a lender go back through the chain of title before foreclosing on a loan to prove that every assignment of

the loan was valid.  As this court noted, such a requirement could well prove unworkable, as assignments may have occurred decades ago by persons or companies no longer in existence. While Paik-Apau contends, for example, that one notary is listed as being of the wrong sex, she does not show that the substance of any of her own loan obligations is misrepresented or altered. In short, she establishes no <u>material</u> issue about which there was a factual question precluding summary judgment or warranting reconsideration.

Finally, Paik-Apau argues that, although Deutsche Bank produced the original note at the hearing, it offered no proof that it possessed the note at the time it began foreclosure proceedings.  Paik-Apau is only speculating that someone else had possession of the note at that time.  Having produced no evidence indicating that Deutsche Bank lacked such possession, she raises no triable issue of fact precluding summary judgment.  No actual evidence supports any conclusion other than that Deutsche Bank was attempting to collect its own debt and was therefore not a "debt collector" for purposes of the FDCPA.

**IV.        CONCLUSION.**

Because Paik-Apau fails to demonstrate any reason for this court to reconsider the order of October 19, 2012, her motion for reconsideration, ECF No. 137, is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 14, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Paik-Apau v. Deutsche Bank National Trust Co., et al.; Civ. No. 10-00699 SOM/RLP;
ORDER DENYING MOTION FOR RECONSIDERATION