IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERNADETTE M. PAIK-APAU, ) | CIVIL NO. 10-00699 SOM-RLP |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION TO |
| ) | DENY WITHOUT PREJUDICE |
| vs. ) | DEFENDANTS HOMEWARD RESIDENTIAL, |
| ) | INC. AND DEUTSCHE BANK NATIONAL |
| DEUTSCHE BANK NATIONAL TRUST ) | TRUST CO., AS TRUSTEE IN TRUST |
| CO., AS TRUSTEE IN TRUST OF ) | OF THE BENEFIT OF THE |
| THE BENEFIT OF THE ) | CERTIFICATE HOLDERS FOR |
| CERTIFICATE HOLDERS FOR ) | AMERIQUEST MORTGAGE SECURITIES |
| AMERIQUEST MORTGAGE ) | TRUST 2005-R11'S MOTION FOR |
| SECURITIES TRUST 2005-R11, ET ) | ATTORNEYS' FEES AND COSTS |
| AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
DEFENDANTS HOMEWARD RESIDENTIAL, INC. AND DEUTSCHE BANK
NATIONAL TRUST CO., AS TRUSTEE IN TRUST OF THE BENEFIT OF
THE CERTIFICATE HOLDERS FOR AMERIQUEST MORTGAGE SECURITIES
<u>TRUST 2005-R11'S MOTION FOR ATTORNEYS' FEES AND COSTS</u>[1]

On November 2, 2012, Defendants Homeward Residential, Inc. and Deutsche Bank National Trust Co., as Trustee in Trust of the Benefit of the Certificate Holders for Ameriquest Mortgage Securities Trust 2005-R11's ("Defendants") filed a Motion for Attorneys' Fees and Costs ("Motion"). ECF No. 123. Rule 54.3(b) of the Local Rules of Practice of the U.S. District Court for the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

District of Hawaii ("Local Rules") requires Defendants to file a Statement of Consultation within fourteen days after the filing of the Motion.  See LR54.3(b).  Defendants failed to do so.  Instead, Defendants filed a Reply brief on November 30, 2012.  ECF No. 141.  In their Reply, Defendants assert that Plaintiff failed to oppose the Motion.  Id. at 2-3.  On the same day, the Court notified the parties that, pursuant to Local Rule 54.3(b), the Court would not consider the Motion until moving counsel advised the Court in writing that, after consultation, or good faith efforts to consult, the parties were unable to reach an agreement with regard to the fee award or that moving counsel made a good faith effort, but was unable, to arrange such a conference.  See LR54.3(b); ECF No. 142.  Further, the Court noted that under Local Rule 54.3(f), the opposing party has until fourteen days after service of the Statement of Consultation to file its opposition to the motion for attorneys' fees.  Here, the deadline for Plaintiff to file her opposition to the Motion was not triggered because Defendants did not file a Statement of Consultation.

Because Defendants have failed to file a Statement of Consultation, the Court will not consider the Motion.  See LR54.3(b).  Accordingly, the Court RECOMMENDS that the district court DENY Defendants' Motion for failure to comply with the Local Rules.  Defendants are advised that the Court will not

consider any future motion for attorneys' fees and costs until they file a Statement of Consultation that complies with Local Rule 54.3(b).  Defendants are cautioned that if the motion does not comply with Local Rule 54.3 and any other applicable rule, the Court has the discretion to deny the motion with prejudice. See LR54.3(g) ("Failure to follow these rules regarding motions for attorneys' fees and/or related non-taxable expenses on more than one occasion in a case may, in the court's sole discretion, result in the denial of such motions with prejudice.").

Based on the foregoing, the Court FINDS AND RECOMMENDS that Defendants' Motion for Attorneys' Fees and Costs be DENIED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 27, 2012.

Richard L. Puglisi
United States Magistrate Judge

**PAIK-APAU V. DEUTSCHE BANK NATIONAL TRUST CO., ET AL., CIVIL NO. 10-00699 SOM-RLP; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE DEFENDANTS HOMEWARD RESIDENTIAL, INC. AND DEUTSCHE BANK NATIONAL TRUST CO., AS TRUSTEE IN TRUST OF THE BENEFIT OF THE CERTIFICATE HOLDERS FOR AMERIQUEST MORTGAGE SECURITIES TRUST 2005-R11'S MOTION FOR ATTORNEYS' FEES AND COSTS**